IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

KURT WILLIAM MEYER,

                Petitioner,                              ORDER

        v.                                            08-cv-554-bbc

RICK RAEMISCH, JODINE DEPPISCH,
THOMAS NICKEL, MARK SCHOMISCH,
MEL PULVER, JOHN DOE #1, #2, #3,

                Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Petitioner Kurt Meyer has filed a "Motion for Reconsideration and Order Due to District Court's Error with Supporting Evidence," which I construe as a motion for reconsideration of the order of September 29, 2008, denying his request for leave to proceed in forma pauperis in this case on the ground that he is not paying the debt he incurred under the 1996 Prison Litigation Reform Act in connection with other lawsuits he filed in this district.

      In his motion, petitioner concedes that he has an outstanding balance of $75.48 in Meyer v. Ward, 02-C-357-C. However, he disagrees with the court's ruling that the entire balance for Meyer v. Teslik, 05-C-269-C has not been paid in full. Petitioner says that in

1

case no. 05-C-269-C, he "paid this district court $30 for an initial partial filing fee . . . and the remaining balance of this fee was taken out of this petitioner's account in bi-weekly installments until the full $250 filing fee was paid." Although petitioner says in his motion that the evidence he has provided supports his contention that his account for case no. 05-C-269-C is up to date, he has not submitted a trust fund account statement to back up his argument. Petitioner's unsworn statement that he has paid the outstanding balance in case no. 05-C-269-C does not convince me that this court's financial records are incorrect.

Petitioner's second argument, presented in the cover letter accompanying his motion, is that the holding of the Court of Appeals for the Seventh Circuit in Lucien v. DeTella, 1141 F.3d 773, 776 (7th Cir. 1998), that prisoner litigants are to keep a watchful eye on their accounts and insure that amounts owed under the Prisoner Litigation Reform Act are withdrawn on a monthly basis, does not apply to his case because the prisoner plaintiff in Lucien disregarded his obligation intentionally, whereas petitioner Meyer did not. This argument is unpersuasive. In Lucien, the plaintiff "refused to pay" when he had the money to pay an initial partial payment assessed by the court but instead spent his money on "clothing and sundries." On the other hand, petitioner Meyer claims his failure to pay his debts was inadvertent. There is no relevant distinction between Lucien's squandering of his money to divert funds that should have gone toward a filing fee and petitioner's own inability to monitor the funds in his account to insure that his debts under the Prison

Litigation Reform Act are being paid.. Petitioner cannot lay all of the blame on prison officials or this court. His motion will be denied.

ORDER

IT IS ORDERED that petitioner's motion for reconsideration of the order of September 29, 2008, denying him leave to proceed in forma pauperis (dkt. #8) is DENIED.

Entered this 23rd day of October, 2008.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge

3